**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ELICIA FARRAR,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:26-CV-00336-ADA-DH** |
| | § | |
| **TEXAS BOARD OF LAW** | § | |
| **EXAMINERS, NAHDIAH HOANG,** | § | |
| **CIARA PARKS, DONDARIUS** | § | |
| **MATTHEWS,** | § | |
| *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Elicia Farrar's application to proceed *in forma pauperis*. Dkt. 2. Because Farrar is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Farrar's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Farrar's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Farrar is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Farrar's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Farrar has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Farrar sat for the July 2025 Texas bar examination. Dkt. 1, at 15. She applied for and received accommodations for "attention-related and trauma-related conditions." *Id.* at 13. Those accommodations included extended testing time and approximately one hour for lunch. *Id.* at 14. Farrar alleges that on the testing days, she (a) did not bring her medication into the testing room because she was required to place it in a clear bag and "sought to maintain the confidentiality of her medical information," (b) was required to join a line of test-takers with accommodations, which test-takers without accommodations could see, (c) that her lunch period was cut short by approximately 25 or 30 minutes, and (d) that her testing time was cut short by six minutes and 37 seconds, though the time was ultimately given back to her. *Id.* at 15-21. Farrar complained about these events to the Texas Board of Law Examiners ("TBLE"), which investigated. *Id.* at 21-24. Farrar failed the July 2025 exam and lost her job, which was contingent on her passage. *Id.* at 22.

TBLE waived Farrar's fee to retake the exam in February 2026. *Id.* at 23. Farrar again applied for accommodations, which TBLE granted, offering her 50% extended time and a "reduced-distraction" environment. *Id.* at 25. TBLE concluded Farrar was not entitled to further accommodations, and Farrar objected. *Id.* at 25-26. She alleges that her objections were not fairly reviewed. *Id.* at 26-27.

Based on these facts, Farrar sued TBLE, TBLE Executive Director Nahdiah Hoang, TBLE General Counsel Dondarius Matthews, and TBLE General Counsel Ciara Parks for violations of the Equal Protection Clause, the Due Process Clause, Title II of the Americans with Disabilities Act ("ADA"), retaliation,[1] Article I, section 19 of the Texas Constitution, and various Texas statutes. *Id.* at 2-3, 7-11.[2] Farrar moved for a temporary restraining order relating to the February 2026 exam, which the District Judge denied. Dkts. 6; 15. Farrar asks the Court to enjoin all Defendants from "retaliating or taking adverse action against [her] related to [her] accommodation requests [or] complaints," order Defendants to preserve associated records, order a correction on Farrar's examination and licensing records to "reflect

---

[1] Though Farrar does not explicitly state that her retaliation claim arises under the ADA, the undersigned presumes Farrar meant to bring her retaliation claim under the ADA because she states she engaged in "protected activity" by "requesting disability accommodations." Dkt. 1, at 8.

[2] While Farrar notes Texas Attorney General Ken Paxton as a defendant on a form, she does not mention Paxton in her written complaint. *See* Dkt. 1, at 3, 7. Because Paxton is not named in the written complaint, the undersigned concludes Farrar did not intend to include him as a defendant here. *See Est. of Brandon Alex through Coker v. T-Mobile US, Inc.*, No. 3:17-cv-2622-M, 2018 WL 993784, at *3 n.2 (N.D. Tex. Feb. 21, 2018) (stating because the City of Dallas was not listed in the title of the amended complaint, it was not "properly a party" to the case). To the extent Farrar did intend to include Paxton as a defendant, the undersigned recommends that the District Judge dismiss any claims against Paxton for failure to allege any facts stating a claim for relief against him. *See* 28 U.S.C. § 1915(e)(2).

that approved accommodations were not implemented" during the July 2025 exam, order that the score be adjusted, order Defendants to "cease practices that publicly identify disability status" or "otherwise administer accommodations inconsistently or arbitrarily," order Defendants to undergo training on accommodations, declare that Defendants' actions caused Farrar harm, and award compensatory damages. *Id.* at 27-28.

### A.    TBLE is entitled to sovereign immunity.

TBLE is entitled to sovereign immunity from all of Farrar's claims. Farrar's ADA Title II claim against TBLE fails because TBLE is entitled to sovereign immunity as an arm of the state of Texas. *Glueck v. Nat'l Conf. of Bar Exam'rs*, No. SA-17-CV-451-XR, 2017 WL 5147619, at *5 (W.D. Tex. Nov. 3, 2017) (concluding Title II's accommodations obligations do not abrogate the state's sovereign immunity in the context of bar admissions); *Simmang v. Tex. Bd. of Law Exam'rs*, 346 F. Supp. 2d 874, 882-83 (W.D. Tex. 2004). Farrar's equal-protection and due-process claims against TBLE are also barred by sovereign immunity. *Locke v. Tex. Bd. of Law Exam'rs*, No. 4:21-CV-00027-SDJ-CAN, 2022 WL 879563, at *3 (E.D. Tex. Jan. 21, 2022), *R. & R. adopted*, 2022 WL 875022 (W.D. Tex. Mar. 23, 2022) (concluding TBLE was immune from equal-protection and due-process claims because Congress had not abrogated the state's immunity and the state had not consented to suit); *Block v. Tex. Bd. of Law Exam'rs*, No. 1-18-CV-386-LY, 2019 WL 433734, at *4 (W.D. Tex. Feb. 1, 2019), *R. & R. adopted*, 2019 WL 13254079 (W.D. Tex. Mar. 12, 2019) (same), *aff'd as modified*, 952 F.3d 613 (5th Cir. 2020). And finally, sovereign immunity bars federal

courts from hearing state-law claims brought in federal court against nonconsenting state entities. *Raj v. La. State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)). Farrar's claims against TBLE should be dismissed.

**B.    Farrar's federal-law claims against the Individual Defendants should be dismissed.**

Farrar sues TBLE Executive Director Nahdiah Hoang, TBLE General Counsel Dondarius Matthews, and TBLE General Counsel Ciara Parks (together, the "Individual Defendants") in their official capacities. As explained above, sovereign immunity bars Farrar's suit against TBLE. *Ex parte Young* recognizes an exception to sovereign immunity for official-capacity suits against individuals. *See Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, a plaintiff may sue individuals in their official capacities as agents of the state, but "the relief sought must be declaratory or injunctive in nature and prospective in effect." *Saltz v. Tenn. Dep't of Emp. Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). Additionally, the plaintiff must allege an ongoing violation of federal law. *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 680 (5th Cir. 2020).

But Farrar's allegations of past harm are insufficient to show an ongoing violation of federal law as required to invoke *Ex parte Young. See id.* Farrar requests that the Court "[e]njoin Defendants from retaliating or taking adverse action against Plaintiff related to Plaintiff's accommodation requests, complaints regarding examination administration, or related communications." Dkt. 1, at 27. She also asks that the Court "correct" her examination and licensing records, order that her score

be adjusted, order Defendants to "cease practices that publicly identify disability status," implement more training, and declare that Defendants harmed her. *Id.* at 27-28. All of Farrar's requested relief relates to allegations of past harm.

As the District Judge noted in the order denying the motion for temporary restraining order, Farrar's evidence indicates Defendants agreed to provide accommodations during the February 2026 examination. Dkts. 1-9, at 2-4 (offering Farrar 50% additional time in a "reduced-distraction" environment); 15, at 4 ("The Court finds that Plaintiff has not shown that Defendants are intending to force Plaintiff to take the February bar examination without approved accommodations. … There is no showing that Defendants intend to strip Plaintiffs of those accommodations or will purposefully mis-implement them."). Farrar has also presumably already taken the February 2026 bar exam. Because Farrar cannot demonstrate any ongoing violation of federal law, the *Ex parte Young* exception does not apply. The District Judge should dismiss Farrar's federal claims against the Individual Defendants. *See Spec's*, 972 F.3d at 681 (concluding *Ex parte Young* did not apply because the "injunctive relief sought focuse[d] on past behavior" but did not allege an ongoing violation of federal law); *but see Simmang*, 346 F. Supp. 2d at 878 (concluding that plaintiff's requests for injunctive relief were not retroactive because they did not seek damages or restitution).

Finally, having found that Farrar has failed to state any claims for relief under federal law, the undersigned recommends that the District Judge decline to exercise supplemental jurisdiction over her state-law breach-of-contract claim. Farrar's sole

basis for jurisdiction rests on the assertion of federal causes of action, and under section 1367, the Court may decline to exercise supplemental jurisdiction over remaining state-law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."); *see also Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.") (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 599 (5th Cir. 2009)).

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Farrar's application to proceed *in forma pauperis*. Dkt. 2.

The undersigned **RECOMMENDS** the District Judge **DISMISS** Farrar's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Farrar's remaining pending motions, Dkts. 7; 8; 16; 18, as **MOOT**.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 15, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

9